# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CRAIG S. FERRELL, | : | PRISONER CIVIL RIGHTS |
| also known as Craig S. Ferrill, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE 1, Prisoner at Phillips | : | CIVIL ACTION NO. |
| State Prison, et al., | : | 1:10-CV-3515-TWT-AJB |
| Defendants. | : | |

## ORDER

Plaintiff, Craig S. Ferrell, presently confined in Phillips State Prison in Buford, Georgia, has paid the full filing fee in this 42 U.S.C. § 1983 action, and the matter is before the Court on the complaint (Doc. No. 1) for screening under 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that to escape dismissal a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or

2

to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

3

Plaintiff brings this action against Phillips State Prison (sometimes referred to as "Phillips"); John Doe 1, a prisoner at Phillips; Georgia Department of Corrections; Phillips State Prison Medical (construed as the medical personnel at Phillips); Atlanta Medical Prison Personnel; Terry McGill, Property Officer; Dr. Stanford, Physician at Phillips; Counselor Chaney, Inmate Counselor at Phillips; Ms. Smith; and John Does II - V, CERT Team Correctional Officers at Phillips. (Doc. No. 1 at cover page and ¶ III.) Plaintiff alleges the facts as set out below. (Doc. No. 1, "Statement of Claim.") In May 2010 – at which time Plaintiff already was "handicapped" on his left side and had severe short-term memory loss – John Does II-IV "severely punished" him by handcuffing him and placing him in disciplinary confinement for thirty days. John Does II-IV also packed up his personal belongings, including his personal fan. Upon release from disciplinary confinement, Plaintiff was assigned to the K dorm, bed nineteen. Plaintiff's fan, however, was not returned.[1] Plaintiff notified his family; Plaintiff's family notified the warden at Phillips and Ms. McGill, and Ms. McGill

---

[1] Plaintiff indicates that the fan was not returned either because it was "lost" and/or because it had been confiscated on the grounds that it had been used for hiding contraband (a shank), apparently by his roommate, John Doe I (although Plaintiff refers to John Doe II in regard to the shank, it appears he meant to say John Doe I), a matter of which Plaintiff states he was not aware. (Doc. No. 1, "Statement of Claim.")

4

stated that Plaintiff's fan would be returned to him "forthwith." However, it was not. Additional promises by Counselor Chaney that he would get Plaintiff's "fan for him that day" and by Ms. McGill "that she would give [Plaintiff] his fan as soon as she got back to the property room" also went unfulfilled. Further, Ms. Smith, who runs the "camp store," "would 'not' sell [Plaintiff a fan,] by always saying that she was out of them[,] which was a complete 'lie'." During this time, the temperature where Plaintiff was housed was "excruciating[ly] hot" and the circulation system was not operational. During a night in July 2010, Plaintiff suffered a stroke and was unable to use the emergency button (which did not work), and the officers failed in their job of checking rooms throughout the night. As a result, Plaintiff was not discovered until the next morning, when he was found lying on the floor and was rushed to Atlanta Medical, where he was admitted for one week and was diagnosed as having had a stroke. Plaintiff returned to Phillips – where he was housed in the infirmary, but provided no physical therapy – and was transported on July 23, 2010, to a facility where, under medical supervision, he received therapy one time a week. (Id.)

Plaintiff asserts that (1) he suffered a stroke and is wheel chair bound because he was denied a fan and overheated and (2) his stroke is the "complete fault" of the staff at Phillips, for which the Georgia Department of Corrections and Phillips State

5

Prison should be held liable. (<u>Id.</u>)  Plaintiff seeks damages and injunctive relief. (<u>Id.</u>, "Relief.")

### A.     **John Doe I, Prisoner at Phillips**

It appears that Plaintiff wishes to hold John Doe I responsible because he hid contraband in Plaintiff's fan, resulting in Plaintiff's lack of a fan when he returned from disciplinary confinement. However, John Doe I, a prisoner, is a private party and cannot be held liable under § 1983 as a state actor who has violated Plaintiff's constitutional rights. <u>See</u> <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). Plaintiff alleges nothing to indicate that John Doe I could be viewed as a state actor by virtue of his performing a public/state function, acting under compulsion by the state, or acting jointly with the state. <u>See</u> <u>id.</u> at 1130 (stating that three tests exist "for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test").

### B.     **Phillips State Prison and Georgia Department of Corrections**

6

Any claim against the Georgia Department of Corrections necessarily fails because the Eleventh Amendment bars any action, regardless of the relief sought, against the Georgia Department of Corrections, a state entity. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). Further, penal institutions generally are not considered legal entities subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). Legal capacity to be sued is determined according to state law, Dean, 951 F.2d at 1214-15, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue Phillips State Prison. See Brannon v. Thomas County Jail, No. 07-13170, 2008 WL 2340353, at *3 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law").

### C.     Phillips State Prison Medical

It appears that Plaintiff intended to sue the medical personnel at Phillips. However, he fails to state a claim against such personnel. The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's

7

subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1243, 1245-46 (11th Cir. 2003).  "[A] claim of deliberate indifference requires proof of more than gross negligence."  Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010).  As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional violation.  See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).  Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," "a decision to take an easier but less efficacious course of treatment," or " medical care which is so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted).

Plaintiff alleges that, after he was found on his floor in July, he was taken to medical at Phillips, whereupon he was "rushed to Atlanta Medical." (Doc. No. 1, "Statement of Claim.")  That allegation shows no deliberate indifference by medical personnel at Phillips.  Plaintiff alleges that during his interim stay at Phillips (from when he returned to Phillips after a week at Atlanta Medical until his July 23 transport to Men's State Prison) he was housed in the Phillips infirmary, confined to a wheelchair, and received no physical therapy.  Plaintiff alleges no lack of care during

8

his stay in the infirmary other than the failure to provide physical therapy. Given the short duration of his stay before transport to Men's State Prison, Plaintiff's allegations of the lack of physical therapy are inadequate to show that the medical personnel provided care that was "grossly inadequate" or otherwise offended the Constitution.

### D. Atlanta Medical Prison Personnel

Plaintiff's alleges only that he was admitted to Atlanta Medical for one week and was diagnosed as having had a stroke. Those allegations do not show deliberate indifference by the personnel at that facility.

### E. Ms. McGill and Counselor Chaney

As alleged by Plaintiff, (1) in K dorm, in the area of bed nineteen, the heat was excruciating, the circulation system was non-operational, the emergency button did not work, and the officers failed in their job of checking rooms at night; (2) Ms. McGill and Counselor Chaney were aware of Plaintiff's need for a fan and, when questioned, promptly stated that his fan would be returned and/or that he would be provided with another fan, but then failed to follow through; and (3) the extreme heat and the lack of air circulation, emergency button, and adequate surveillance resulted in Plaintiff suffering a stroke and remaining untended until the morning.

9

Prison conditions are subject to "scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment prohibits deliberate indifference to prison conditions that deprive an inmate of essential human needs such as food, clothing, shelter, medical care, and reasonable safety. Helling v. McKinney, 509 U.S. 25, 31-32 (1993). To state an Eighth-Amendment prison-conditions claim, the plaintiff must allege: (1) prison conditions that are "sufficiently serious" and (2) deliberate indifference by the defendant prison official. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). As stated earlier, "a claim of deliberate indifference requires proof of more than gross negligence." Townsend, 601 F.3d at 1158. A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. The conditions alleged must be extreme, resulting in a denial of "the minimal civilized measure of life's necessities" and posing an excessive or substantial risk of serious harm. Id. at 834. Concrete housing units with a manual vent system, no air-conditioning or circulating fans, summer-time temperatures that range between eighty to eighty-six degrees and that rise to more than ninety degrees for nine percent of the summer (comparable to "a residential setting in Florida in a building that is not air-conditioned"), generally, do not offend the Constitution. Chandler, 379 F.3d at 1283-

85, 1297-98 (noting that heat may be offset by other factors such as the prisoner's ability to wear little clothing, access to water, freedom from prison labor requirements, etc.). However, the Eleventh Circuit, in an unpublished opinion, has indicated that "no ventilation" poses an unreasonable risk to future health. Wallace v. Hamrick, 229 F. App'x 827, 832 (11th Cir. 2007).

Plaintiff alleges nothing to show that Ms. McGill or Counselor Chaney were aware that the emergency button did not work or that the night-time surveillance of the prisoners was inadequate. Even if the Court were to find that Plaintiff has alleged facts that show that the heat and lack of circulation were sufficiently serious conditions of which McGill and Chaney were aware, Plaintiff's allegations are insufficient to show deliberate indifference to those conditions. Plaintiff has alleged only that McGill and Chaney promised (three times) promptly to obtain a fan for him, and then failed to follow through. The failure to fulfill their promises makes it "conceivable" that they were deliberately disregarding an excessive risk, and is even "consistent with" deliberate disregard of an excessive risk. See Ashcroft, _ U.S. at _, 129 S. Ct. at 1951 (2009). Facts consistent with, or that conceivably state, a constitutional violation, however, do not necessarily state a claim. Id. There are more-likely alternate explanations for McGill's and Chaney's failure to fulfill their promises – such as an

11

inability to find Plaintiff's fan or immediately locate another fan. To infer deliberate disregard of an excessive risk to Plaintiff based on McGill's and Chaney's prompt promises to obtain a fan and their subsequent failure to do so is not a plausible conclusion that warrants subjecting McGill and Chaney to a federal lawsuit. See id., at _, 129 S. Ct. at 1951-52 (reasoning that factual allegations that are both consistent with unconstitutional action and a "more likely explanation," do not state a claim absent additional factual contentions to move the constitutional claim from conceivable to plausible).

### F.     Dr. Stanford and John Doe V

Dr. Stanford and John Doe V must be dismissed because Plaintiff "fails to allege facts that associate [those Defendants] with [an alleged] violation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

### G.     Ms. Smith

Plaintiff has alleged that Ms. Smith would not sell him a fan, i.e., she always stated that "she was out of them[,] which was a complete 'lie'." Plaintiff alleges nothing to show that Ms. Smith, who runs the "camp store," was subjectively aware of the allegedly unconstitutional conditions in Dorm K or in the area where Plaintiff

12

was located in Dorm K. Accordingly, Plaintiff fails to state a claim of deliberate indifference to unconstitutional conditions by Ms. Smith.

### H.     John Does II-IV

#### 1.     Handcuffing and Disciplinary Confinement

Plaintiff has alleged that John Does II-IV "severely punished" him (a prisoner "handicapped" on his left side and with severe short-term memory loss) by handcuffing him and placing him in disciplinary confinement for thirty days. "The eighth amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to a[n] 'unnecessary and wanton infliction of pain.'" Bennett v. Parker, 898 F.2d 1530, 1532 (11th Cir. 1990). As a general rule, handcuffing, without more, does not constitute excessive force. Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002); Gold v. City of Miami, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (holding that use of handcuffs that resulted in minor skin abrasions reflected the use of only minimal force and the officer was entitled to qualified immunity on excessive force claim).

Further, under the Due Process Clause, there is no constitutionally protected liberty interest in being free from official action that is taken "within the sentence imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (citation omitted). In the

context of prison custody, a prisoner's protected liberty interests are limited to avoiding restraint (1) that exceeds the sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or (2) that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84.

Here, the act of handcuffing plaintiff did not constitute the use of excessive force. Further, Plaintiff alleges nothing to show that his thirty-day placement in disciplinary confinement offended a protected liberty interest. Accordingly, Plaintiff fails to state a claim against John Does II-IV based on their handcuffing Plaintiff and placing him in disciplinary confinement.

### 2. Plaintiff's Fan

Plaintiff's allegations that John Does II-IV were the ones who were responsible for packing his personal belongings – including his personal fan, which was never returned – also fail to state a claim.

Allegations concerning the confiscation of a prisoner's property raise constitutional due process concerns. See Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (pertaining to deprivation of property). Nonetheless, negligent or intentional, unauthorized deprivation of property does not state a procedural due

process claim when an adequate state remedy exists to redress the deprivation. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, because there are adequate post-deprivation remedies in Georgia, Plaintiff fails to state a federal constitutional claim. See Hudson, 468 U.S. at 533; Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987) ("The State of Georgia has created a civil cause of action for the wrongful deprivation of property. [O.C.G.A.] § 51-10-1").

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, all claims against John Doe I, the Georgia Department of Corrections, and Phillips State Prison are **DISMISSED** with prejudice, and the remainder of this action is **DISMISSED**, without prejudice,[2] for failure to state a claim.

```
SO ORDERED, this 31 day of March, 2011.


                        /s/Thomas W. Thrash
                        THOMAS W. THRASH, JR.
                        United States District Judge
```

---

[2] When a more carefully drafted pro se complaint might state a claim, the action generally should be dismissed without prejudice. Duff v. Steub, 378 F. App'x 868, 869-70, 872 (11th Cir. 2010).

15